E-FILED
Wednesday, 07 April, 2010  02:56:23 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIO OLIEA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  08-3249 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Mario Oliea's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition) and his court-allowed supplemental Memorandum in Support of Petitioner's 28 U.S.C. § 2255 Motion (d/e 5) (Oliea's Memorandum).  For the reasons set forth below, Oliea's request for § 2255 relief is denied.

### STATEMENT OF FACTS

On April 4, 2007, Oliea was charged in a two-count Indictment (Case No. 07-30033, d/e 1) with possession with intent to distribute a substance containing five or more grams of cocaine base ("crack") in violation of 21

U.S.C. § 841(a)(1) & (b)(1)(B) on September 29, 2006 (Count 1) and January 19, 2007 (Count 2).  Oliea pled guilty to both counts of the Indictment.  Case No. 07-30033, Minute Entry, dated June 7, 2007.  Under 21 U.S.C. § 841(b)(1)(B), given Oliea's prior criminal history, each count carried a statutory imprisonment range of ten years to life imprisonment.

The matter proceeded to sentencing on October 29, 2007.  Case No. 07-30033, Minute Entry, dated October 29, 2007.  The Court and the parties were in receipt of a Presentence Report (Case No. 07-30033, d/e 17), dated September 7, 2007.  The Presentence Report recommended that Oliea be held accountable for 845.20 grams of cocaine base ("crack"), which resulted in a base offense level of 36 under the Sentencing Guidelines.  However, Oliea was considered a career offender, pursuant to U.S.S.G. § 4B1.1(a), based on two prior felony convictions for manufacture/delivery of a controlled substance.  Therefore, his applicable offense level was increased to 37 under U.S.S.G. § 4B1.1(b)(A) because the statutory maximum for his offenses of conviction was life imprisonment.  The report recommended a three-level reduction for acceptance of responsibility.  See U.S.S.G. § 3E1.1.  The Presentence Report assigned Oliea 26 Criminal History points, resulting in a Criminal History Category of VI.  A total offense level of 34 and a

Criminal History Category of VI resulted in a Guideline range of 262 to 327 months imprisonment.  There were no objections to the PSR, and the Court adopted its findings.  Case No. 07-30033, Minute Entry, dated October 29, 2007.  The Court sentenced Oliea to 262 months imprisonment and eight years supervised release on each count with the sentences to run concurrently.  The Court ordered Oliea to pay a $200.00 special assessment and informed Oliea of his appeal rights.

In September 2008, the Court appointed the Federal Public Defender's Office to represent Oliea in connection with a motion for retroactive application of Amendment 706 to the Sentencing Guidelines to crack cocaine offenses under 18 U.S.C. § 3582.  Case No. 07-30033, Text Order, dated September 8, 2008.  However, in October 2008, Assistant Public Defender Hawley filed a Motion to Withdraw as Attorney (Case No. 07-30033, d/e 20), noting his opinion that Oliea was ineligible for a reduction because he had been sentenced as a career offender.  The Court allowed the Motion to Withdraw and directed Oliea to file a pro se pleading either: (a) conceding that the retroactive amendment did not apply because he was found to be a career offender, or (b) explaining why the amendment would apply in spite of the fact that he was found to be a career offender.

Order, dated October 15, 2008 (Case No. 07-30033, d/e 21).  Oliea filed a response on December 15, 2008.  Memorandum in Support (Case No. 07-30033, d/e 25).  After reviewing the record and Oliea's Memorandum, the Court determined that Oliea was not entitled to a reduction in sentence under the retroactive amendment to the U.S.S.G. because his sentence was driven by the fact that he was a career offender and not by the crack cocaine guidelines.  Case No. 07-30033, Text Order, dated March 17, 2009.

## ANALYSIS

Oliea seeks relief under 28 U.S.C. § 2255.  A § 2255 motion allows a person in federal custody to attack his sentence collaterally on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction.  28 U.S.C. § 2255(a).  Oliea contends that he is entitled to § 2255 relief because (1) 21 U.S.C. § 841(b) is unconstitutional and (2) defense counsel was ineffective in failing to challenge § 841's constitutionality.

This Court must determine whether Oliea is entitled to an evidentiary hearing on any of his claims.  Section 2255 Rule 8(a).  Under Seventh Circuit precedent, "[a] section 2255 petitioner is entitled to an evidentiary hearing on his claims, when he alleges facts that, if proven, would entitle

him to relief." <u>Stoia v. United States</u>, 22 F.3d 766, 768 (7th Cir. 1994). Before he is entitled to an evidentiary hearing, Oliea bears the burden of filing a detailed and specific affidavit showing that he has actual proof of the allegations, rather than mere unsupported assertions. <u>Galbraith v. United States</u>, 313 F.3d 1001, 1009 (7th Cir. 2002).

Oliea contends that the disparity in penalties under § 841(b) for offenses involving crack and powder cocaine violates his right to equal protection and due process, as well as his right to be free from cruel and unusual punishment. Oliea argues that the statutory imprisonment ranges prescribed in § 841(b) create an unconstitutional disparity between crimes involving powder cocaine and crimes involving crack cocaine because the statute imposes the same penalty range for a quantity of crack cocaine that it does for 100 times as much powder cocaine. <u>See e.g.</u>, 21 U.S.C. § 841(b)(1)(B)(ii), (iii). First, Oliea argues that the disparity in sentencing ranges for individuals charged with crack cocaine offenses and powder cocaine offenses violates the equal protection component of the due process clause of the Fifth Amendment because it treats similarly situated people differently without a rational basis for the distinction. Oliea cites <u>Kimbrough v. United States</u> for the proposition that a 1:100 crack/powder

cocaine sentencing disparity is both arbitrary and discriminatory.  See Kimbrough, 552 U.S. 85 (2007).  The Seventh Circuit rejected an identical equal protection/due process challenge to § 841(b)'s statutory minimum terms of imprisonment for crack and powder cocaine offenses.  See United States v. Stewart, 333 Fed.Appx. 102, 103-04 (7th Cir. 2009).  As the Stewart Court noted, Congress had reasons for the discrepancy when it enacted § 841(b), and the Seventh Circuit has consistently rejected challenges raising the disparity.  Id. at 103 (citing cases).  The Stewart Court expressly declined to extend Kimbrough to § 841(b)'s statutory sentencing regime.  Id. at 104.  Thus, Oliea is not entitled to § 2255 relief on an equal protection/due process basis.

Oliea's Eighth Amendment argument is similarly unavailing.  The Eighth Amendment forbids cruel and unusual punishment and prohibits sentences that are grossly disproportionate to the offense of conviction. Ewing v. California, 538 U.S. 11, 20-22 (2003); see also United States v. Olson, 450 F.3d 655, 686 (7th Cir. 2006).  The Seventh Circuit has determined that life imprisonment pursuant to § 841(b) is not a grossly disproportionate sentence for defendants with two prior felony convictions. United States v. Strahan, 565 F.3d 1047, 1052-53 (7th Cir. 2009).  Thus,

Oliea fails to establish that the sentencing range of ten years to life imprisonment constitutes cruel and unusual punishment.  The Court turns to Oliea's claims of ineffective assistance of counsel.

To succeed on an ineffective assistance of counsel claim, Oliea must show both: (1) that his counsel's representation was objectively deficient and (2) that the deficient performance was prejudicial to the outcome. Strickland v. Washington, 466 U.S. 668 (1984).  It is well-settled that the absence of either prong defeats an ineffective assistance claim.  Id. at 689; Lowery v. Anderson, 225 F.3d 833, 843 (7th Cir. 2000).  Oliea bears the burden of proving that counsel was ineffective, and there is a strong presumption for finding otherwise.  United States v. Banks, 405 F.3d 559, 568 (7th Cir. 2005).  The Court will set aside a conviction only when it is shown with a reasonable probability that the outcome would have been different but for counsel's unprofessional errors.  See Lowery, 225 F.3d at 843.

At the time of Oliea's sentencing, the Seventh Circuit had consistently held that Congress' enactment in § 841(b) of different penalties for cocaine base and cocaine did not violate equal protection or due process.  See, e.g., United States v. Trice, 484 F.3d 470, 476 (7th Cir. 2007) (equal protection);

<u>United States v. Lawrence</u>, 951 F.2d 751, 755 (7th Cir. 1991) (due process).

Similarly, the Supreme Court had upheld a life sentence for a single drug

conviction against an Eighth Amendment challenge.  <u>Harmelin v. Michigan</u>,

501 U.S. 957 (1991).  It is not objectively unreasonable for counsel to fail

to raise arguments that are likely to fail.  <u>Rodriguez v. United States</u>, 286

F.3d 972, 985 (7th Cir. 2002).  Oliea's ineffective assistance claims fail

under the first prong of <u>Strickland</u>.  Moreover, Oliea cannot meet the

second <u>Strickland</u> prong because he fails to demonstrate any prejudice

whatsoever relating to the alleged ineffective assistance.  Oliea is not entitled

to § 2255 relief.

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the

Court now considers whether it should issue a Certificate of Appealability

(COA).  A federal district court should issue a COA only if "the applicant

has made a substantial showing of the denial of a constitutional right."  28

U.S.C.  §  2253(c)(2).  A  §  2255  petitioner  must  demonstrate  that

"reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'"

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>,

463 U.S. 880, 893 n.4 (1983)).  Rule 11 allows a court to have the parties "submit arguments on whether a certificate should issue."  <u>See</u> <u>Rules Governing Section 2255 Cases, Rule 11</u>.  In this case, the Court finds that such a step is unnecessary.  No reasonable jurist would contend that § 841(b) violates equal protection, due process or the Eighth Amendment.  Nor would reasonable jurists contend that defense counsel was ineffective in failing to raise these constitutional challenges.  Oliea has not met his burden, and accordingly, the Court denies Oliea a COA.

THEREFORE, for the reasons set forth above, Petitioner Mario Oliea's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  The Court declines to issue a Certificate of Appealability.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   April 7, 2010

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE